**ALLIED FIDELITY INSURANCE COMPANY, Plaintiff,**

v.

**CONTINENTAL ILLINOIS NATIONAL BANK AND TRUST COMPANY OF CHICAGO, Defendant.**

No. 87 C 5270.

United States District Court, N.D. Illinois, E.D.

Jan. 25, 1988.

Dennis C. Waldon, Dennis M. O'Dea, Monica L. Thompson, Keck, Mahin & Cate, Chicago, Ill., for plaintiff.

David M. Meister, Katten, Muchin & Zavis, Chicago, Ill., for defendant.

## MEMORANDUM OPINION

BRIAN BARNETT DUFF, District Judge.

This case arises out of an irrevocable standby letter of credit ("Letter of Credit") issued by defendant Continental Illinois National Bank & Trust Company of Chicago ("Continental") in favor of plaintiff Allied Fidelity Insurance Company ("Allied"). Allied seeks to recover the $805 thousand amount of the Letter of Credit. Continental has moved to dismiss on two grounds: First, because Allied is now in liquidation, Allied's liquidator, the Indiana Commissioner of Insurance ("Liquidator"), is the real party in interest and thus the proper plaintiff in this action. Second, Allied has failed to provide conforming documents as required by the Letter of Credit.

## DISCUSSION

*Liquidator Is the Real Party in Interest*

Continental is correct that this case should have been brought in the name of Liquidator. Federal Rule of Civil Procedure 17(a) requires that actions "be brought by the person who, according to the substantive law, is entitled to enforce the right." 6 Wright & Miller, *Federal Practice & Procedure:* Civil § 1543 at 643 (1971). Under Indiana law, the liquidator of an insolvent insurance company is "vested by operation of law with the title to all of the property, contracts and *rights of action* and all of the books and records of the insurer ordered liquidated, wherever located, as of the entry of the final order of liquidation." Ind.Code § 27–9–3–7(b) (1979). Thus, Liquidator, and only Liquidator, can enforce whatever rights exist under the Letter of Credit, *see Eakin v. Allied Fidelity Insurance Company*, No. 86–0496, Order of Liquidation (Ind.Cir. July 15, 1986), and this lawsuit should have been brought in his name. *See* 6 Wright & Miller § 1545 at 651 ("assignee ... should be treated as the real party in interest under Rule 17(a).").

The fact that Indiana law *permits* Liquidator to bring actions in the name of Allied, *see* Ind.Code § 27–9–3–9(b)(12) (1986), does not alter this conclusion. In this federal lawsuit, the Federal Rules of Civil Procedure control, and under these rules Liquidator, as the real party in interest, is the proper plaintiff here. However, because Rule 17(a) provides that, where the rule is

violated, plaintiff must be provided an adequate opportunity to substitute the proper party, this court will deny Continental's motion to dismiss at this juncture, with leave to reinstate in 30 days if Liquidator has not cured the defect by that time.[1]

*Liquidator Has Provided Conforming Documents*

Continental next argues that, even if Liquidator does substitute himself for Allied, dismissal will still be mandated because Liquidator has not, as a matter of law, provided conforming documents under the Letter of Credit. Continental concedes that Allied's right to recover under the Letter of Credit passed to Liquidator upon the order of liquidation *See Pastor v. National Republic Bank of Chicago*, 76 Ill.2d 139, 28 Ill.Dec. 535, 390 N.E.2d 894 (1979); Ind.Code § 27–9–3–7(b) (1979). It disagrees, however with Allied's claim that Liquidator complied with the requirements of the assigned Letter of Credit by signing the certifications that any funds provided pursuant to the Letter of Credit would be used for specified purposes only.

■ Continental is right that, in order to comply with the terms of the Letter of Credit, Liquidator had to "affirm" his intention to remain bound by Allied's obligations thereunder. *See* Ind.Code § 27–9–3–9(b)(11) (1986) ("The liquidator may ... (11) ... affirm or disavow any contracts to which the insurer is a party."). *Cf.* Weintraub & Resnick, Bankruptcy Law Manual ¶ 7.10[3] (Rev. ed.) (where trustee chooses to assume contract of debtor, he must provide "adequate assurance of future performance"). Continental is clearly not right, however, in asserting that Liquidator failed to do so here.

By signing the certifications and presenting them to Continental, Liquidator manifested his intention to assume the agreement between Allied and Continental, and to abide by the obligations it imposed. Any breach of these obligations will be directly

attributable to Liquidator, in whom now resides Allied's rights and obligations under the Letter of Credit. Continental's assertion that something more is required to ensure Liquidator's responsibility for the use of funds provided pursuant to the Letter of Credit lacks any basis in law. *See* Ind.Code § 27–9–1–6 (1979) ("In any proceeding under IC 27–9, the commissioner and his deputies are responsible on their official bonds for the faithful performance of their duties."). The motion to dismiss on this ground must be denied.

### CONCLUSION

Accordingly, Continental's Motion to Dismiss is denied, with leave to refile in thirty (30) days if Allied has not complied with the requirements of Rule 17(a) by that time.

---

1. Some misunderstanding may have arisen when this court indicated, at the November 13, 1987, status hearing, that it was inclined to grant Continental's motion to dismiss. Although the court has not altered its initial determination that Liquidator is the real party in interest in this lawsuit, further examination of Rule 17(a) makes clear that dismissal is not appropriate at this time.